**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty West Regional Center, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> Salvatore Carpanzano, a/k/a John Salvatore Carpanzano, et al., <br><br> Defendants. | No. CV 13-02021-PHX-DGC <br><br> **ORDER** |

Plaintiff Liberty West Regional Center, LLC has filed a motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure requesting the entry of default judgment against Defendants Salvatore Carpanzano, Marisa Belcastro Carpanzano, (collectively the "Carpanzanos"), and Samba Financial Group Escrow & Consulting Services U.S.A., LLC ("Samba"). The Court will deny the motion without prejudice.

Default was entered as to the Carpanzanos and Samba on November 5, 2013. Doc. 21. Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court must consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was

due to excusable neglect, and (7) the strong policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)

Plaintiff's motion does not address the *Eitel* factors. *See* Doc. 28. It is therefore unclear to the Court whether these factors favor the entry of default judgment. The Court will accordingly deny the motion for default judgment without prejudice. Plaintiff shall have until **January 31, 2014** to refile the motion. The new motion shall fully address each *Eitel* factor and also shall include an explanation and evidence sufficient to support any calculation of requested damages. *See Geddes*, 559 F.2d at 560.

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 28) is **denied** without prejudice. Plaintiff shall have until **January 31, 2014** to refile the motion.

Dated this 14th day of January, 2014.

_____
David G. Campbell
United States District Judge