WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty West Regional Center LLC,<br><br>Plaintiff,<br><br>v.<br><br>Salvatore Carpanzano, et al.,<br><br>Defendants. | No. CV-13-02021-PHX-DGC<br><br>**ORDER** |

Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") has filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 32. The motion is fully briefed. For the reasons that follow, the Court will deny the motion.[1]

**I.     Background.**

On July 22, 2011, Plaintiff deposited $2,700,000 into an escrow account with JP Morgan, pursuant to an escrow agreement. Doc. 1, ¶¶ 14-15. The following year, JP Morgan notified Plaintiff that it was planning to "get out of the business" of providing escrow services. *Id.*, ¶ 17. Plaintiff was subsequently introduced to Defendant Samba Financial Group Escrow & Consulting Services U.S.A. LLC ("Samba"), and its representative, Defendant Salvatore Carpanzano. *Id.*, ¶ 18; Doc. 37 at 3. Carpanzano

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

allegedly represented that Samba would place Plaintiff's funds "in an account at Citibank at its branch office in Scarsdale, New York," and further represented that Samba was a subsidiary of Samba Financial Group. Doc. 1, ¶ 19, 20. Plaintiff alleges that during the course of its investigation of Samba and Carpanzano, it contacted Gregory Shea, an employee of JP Morgan, and "inquired if he had ever heard of [Carpanzano or Samba]." *Id.*, ¶ 23. Mr. Shea apparently said he had heard of both, but provided Plaintiff with no additional information. *Id.*, ¶ 24. On December 10, 2012, JP Morgan wired the $2,700,000 in Plaintiff's account to Citibank. *Id.*, ¶ 26. Carpanzano is alleged to have converted Plaintiff's funds for his own personal benefit. *Id.*, ¶ 33.

Prior to this transaction, JP Morgan was involved in litigation commenced on December 20, 2011, by a man named Rick Scott in Texas state court (the "Texas Action"). *Id.*, ¶ 28. That action was removed to the United States District Court for the Northern District of Texas. *Id.* The action centered around a claim by Scott that a company called American National Trust, represented by Carpanzano, had absconded with $2,000,000 he had deposited with JP Morgan in order to secure financing for a Bahamian resort. Doc. 37 at 3-4. Plaintiff alleges that, as a result of the Texas Action, JP Morgan "knew or had reason to know that Defendant Carpanzano was not trustworthy, had perpetrated other fraudulent and otherwise dishonest schemes using escrow arrangements, and was likely to abscond with or otherwise purloin any funds in escrow," and that it accordingly had a duty to warn Plaintiff of these facts. Doc. 1, ¶ 30.

JP Morgan claims that although it and one of its employees were named as defendants in the Texas Action, it was dismissed when the plaintiff filed his first amended complaint, only added back briefly as a "relief defendant," and then ultimately dismissed in May 2012. Doc. 32 at 3-4. JP Morgan claims that at the time of its final dismissal, "there had been no finding that Carpanzano in fact controlled American National Trust or that he had otherwise been involved in converting Scott's funds." *Id.* at 4. JP Morgan argues it was not in possession of any information that would have triggered a duty to Plaintiff. *Id.* at 6.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis.

Under Arizona law, there is generally "no duty to disclose information received by an escrow agent unless such a duty is required by the terms of the agreement[.]" *Berry v. McLeod*, 604 P.2d 610, 616 (Ariz. 1979). There is, however, an exception to this rule "when the escrow agent knows that a fraud is being committed on a party to an escrow and the failure of the escrow agent to disclose the information of the fraud will assist in accomplishing the fraud[.]" *Id.* "[U]nder such conditions the escrow agent has a duty to disclose the facts actually known." *Id.* The Arizona Supreme Court has clarified that although *Berry* "does not require [an] escrow agent to investigate and search for fraud," it also "does not permit [an] escrow agent to close its eyes in the face of known facts and console itself with the thought that no one has yet confessed fraud." *Burkons v. Ticor Title Ins. Co. of Cal.*, 813 P.2d 710, 718 (Ariz. 1991). Put another way, "if the *facts actually known* to the escrow agent present substantial evidence of fraud, there is a duty

1 to disclose." *Id.* at 720 (emphasis in original).

2 JP Morgan argues that "Plaintiff's theory of liability fails to meet the 'plausibility' test necessary to state a claim for relief" under *Iqbal*, 556 U.S. at 678. Doc. 32 at 2. JP Morgan asserts that "Plaintiff cannot plausibly demonstrate that [JP Morgan] had sufficient (or even any) evidence that Carpanzano, as an alleged representative of Samba, might abscond with Plaintiff's funds[.]" *Id.* at 6. Additionally, it contends, neither Carpanzano nor Samba was a party to the transaction it was overseeing and it was therefore under no duty to disclose any allegations against them in the Texas Action. *Id.* JP Morgan further asserts that Plaintiff has not pleaded any facts showing that "Mr. Shea, their assigned escrow officer, had any knowledge regarding the allegations made against Carpanzano in the Texas Litigation." *Id.* at 7.

Plaintiff counters that an escrow agent is not required to have actual evidence of fraud, but rather "what a 'reasonable escrow agent would perceive as evidence of fraud.'" Doc. 37 at 9 (citing *Burkons*, 813 P.2d at 718). Plaintiff further contends that it has alleged sufficient facts to "trigger" JP Morgan's duty to disclose because it has alleged that Mr. Shea stated that he had heard of Carpanzano and Samba. *Id.* at 11.

Plaintiff has pleaded that JP Morgan was party to litigation involving allegations of fraud against Carpanzano, namely that he absconded with funds placed in escrow, and that JP Morgan was thus aware of those allegations. Plaintiff has also pleaded that an employee of JP Morgan, when asked in connection with Plaintiff's escrow transaction, acknowledged that he had heard of both Samba and Carpanzano. Accepting these allegations as true, as the Court must at the motion to dismiss stage, the Court concludes that Plaintiff has stated a claim for relief. Plaintiff could plausibly prove that the facts actually known to JP Morgan would be perceived by a reasonable escrow agent as "evidence of fraud." *See Burkons*, 813 P.2d at 718. The Court cannot decide what facts were actually known to JP Morgan in the context of a motion to dismiss. The Court will therefore deny JP Morgan's motion.

- 4 -

1 **IT IS ORDERED** that JP Morgan's motion to dismiss (Doc. 32) is **denied**.

2 Dated this 18th day of February, 2014.

*David G. Campbell*
United States District Judge