**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty West Regional Center LLC,<br><br>Plaintiff,<br><br>v.<br><br>Salvatore Carpanzano, Marisa Belcastro Carpanzano, Samba Financial Group Escrow & Consulting Services U.S.A. LLC,<br><br>Defendants. | No. CV-13-02021-PHX-DGC<br><br>**ORDER** |

Plaintiff Liberty West Regional Center, LLC has filed a motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure requesting the entry of default judgment against Defendants Salvatore Carpanzano, Marisa Belcastro Carpanzano, (collectively the "Carpanzanos"), and Samba Financial Group Escrow & Consulting Services U.S.A., LLC ("Samba"). Doc. 44. For the reasons that follow, the Court will grant in part and deny in part the motion.

**I.    This Suit.**

On July 22, 2011, Plaintiff deposited $2,700,000 into an escrow account with Defendant JP Morgan Chase Bank, N.A. ("JP Morgan"), pursuant to an escrow agreement. Doc. 1, ¶¶ 14-15. The following year, JP Morgan notified Plaintiff that it was planning to "get out of the business" of providing escrow services. *Id.*, ¶ 17. Plaintiff was subsequently introduced to Samba and its representative, Salvatore Carpanzano. *Id.*, ¶ 1. Mr. Carpanzano allegedly represented that Samba would place

Plaintiff's funds "in an account at Citibank at its branch office in Scarsdale, New York," and further represented that Samba was a subsidiary of Samba Financial Group. *Id.*, ¶ 19, 20. On December 10, 2012, JP Morgan wired the $2,700,000 in Plaintiff's account to Citibank. *Id.*, ¶ 26, Doc. 1-5 at 2. Mr. Carpanzano is alleged to have converted Plaintiff's funds for his own personal benefit. Doc. 1, ¶ 33. Plaintiff commenced this action on October 4, 2013. *See id.*

## II. Plaintiff's Motion for Default Judgment.

Default was entered as to the Carpanzanos and Samba on November 5, 2013. Doc. 21. Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court must consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Unless "the amount claimed is liquidated or capable of ascertainment from definite figures," the Court generally should hold a hearing to determine the proper amount of damages. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see* Fed. R. Civ. P. 55(b)(2); 10 James Wm. Moore, *Moore's Federal Practice* § 55.20[1][b] at 55-23 (3d ed. 1998). Finally, "[a] judgment

1  by default shall not be different in kind from or exceed in amount that prayed for in the
2  demand for judgment" in the complaint.  Fed. R. Civ. P. 54(c); Fed. R. Civ. P. 55(d) ("In
3  all cases a judgment by default is subject to the limitations of Rule 54(c)."); *see* Fed. R.
4  Civ. P. 8(a)(3).

### A.     Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's request for an award of monetary damages because Plaintiff will be prejudiced if default judgment is not entered. Plaintiff served process on Defendants more than four months ago.  Docs. 11, 12. Defendants have not answered or otherwise responded to the complaint.  If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery."  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B.     The Merits of the Claim and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under Rule 8.  *See Cal. Security Cans*, 238 F. Supp. 2d. at 1177; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).  Plaintiff's Complaint states plausible claims for relief as to Counts One through Eight and Count Ten.

Count Nine asserts a claim for "Scheme or Artifice to Defraud using Interstate Commerce in violation of 18 [U.S.C.] § 1343, and 18 U.S.C. §§ 1962 & 1964."  Doc. 1 at 15.  "To state a civil claim for a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).  Standing under civil RICO requires a plaintiff "to show that the racketeering activity was both a but-for cause and a proximate cause of his injury."  *Id.* (citation omitted).  Plaintiff has not alleged the existence of an enterprise or a pattern of racketeering activity, and has therefore failed to state a claim as to Count Nine.

**C.     The Amount of Money at Stake.**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *See Cal. Security Cans*, 238 F. Supp. 2d. at 1176. Plaintiff seeks $2,700,000 in actual damages, "multiple damages in the amount of $8,100,000 pursuant to 18 U.S.C. § 1964, and punitive damages in the amount of $10 million, together with prejudgment and post-judgment interest, attorneys' fees and costs." Doc. 44 at 4. Plaintiff has alleged that Defendants absconded with $2,700,000 provided to them pursuant to an escrow agreement. This factor weighs in favor of a default judgment.

**D.     Possible Dispute Concerning Material Facts.**

Given the sufficiency of the complaint and Defendants' default (Docs. 1, 21), "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d. at 1177.

**E.     Whether Default Was Due to Excusable Neglect.**

Defendants were properly served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Docs. 11-13. It is therefore "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

**F.     The Policy Favoring a Decision on the Merits.**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. 2d. at 1177 (citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

### G. Conclusion.

Having reviewed Plaintiff's motion and supporting exhibits, and having considered the *Eitel* factors as a whole, the Court concludes that entry of a default judgment is appropriate against Defendants in the amount of $2,700,000. The Court will also grant Plaintiff's request for pre-judgment interest to be calculated pursuant to A.R.S. § 44-1201(B), beginning on December 10, 2012. Under Arizona law, "prejudgment interest on a liquidated claim is a matter of right." *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 2001). "[A] claim is liquidated if the plaintiffs provide a basis for precisely calculating the amounts claimed." *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 237 (Ariz. 1996). Plaintiff has provided evidence showing that $2,700,000 was transferred to Defendants' account at Citibank on December 10, 2012. Doc. 1-5 at 2. Plaintiff has alleged that Defendants then wrongfully converted the money. Defendants clearly knew the amount they converted, and therefore can be found to have known the amount they owed Plaintiff as of the date of the conversion.

The Court will also grant Plaintiff's request for post-judgment interest pursuant to 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of the judgment.").

Because the Court finds that Plaintiff has not adequately pleaded a claim under 18 U.S.C. § 1964, the Court will deny Plaintiff's request for in treble damages. Plaintiff's request for punitive damages is also denied. Under Arizona law, in order to recover punitive damages, "a plaintiff must prove by clear and convincing evidence that the defendant engaged in aggravated and outrageous conduct with an 'evil mind.'" *Hyatt Regency v. Winston & Strawn*, 907 P.2d 506, 518 (Ariz. Ct. App. 1995). "A defendant acts with the requisite evil mind when he intends to injure or defraud, or deliberately interferes with the rights of others, 'consciously disregarding the unjustifiable substantial risk of significant harm to them.'" *Id.* (quoting *Linthicum v. Nationwide Life Ins. Co.*,

723 P.2d 675, 680 (Ariz. 1986)).  Plaintiff has not addressed the "evil mind" requirement, let alone proven by clear and convincing evidence that Defendants acted with an evil mind.

### III.     Request for Attorney's Fees.

Plaintiff has requested attorney's fees in the amount of $96,448.13 (Doc. 44-1 at 4) and has submitted time records in support of its request (Doc. 44-2).  Local Rule 54.2(d)(3) requires a party seeking attorneys' fees to submit a task-based itemized statement of fees and expenses.  The intent of this requirement is to enable a court to determine the precise amount or work devoted to specific claims.  The time records submitted by Plaintiff in this case are not limited to work incurred in pursuing the Carpanzano and Samba Defendants, but instead appear to include all time incurred in this case, including time spent pursuing other defendants.  It is not the Court's role to sort through Plaintiff's time records to identify which entries apply to the Defendants at issue in this motion.  Because Plaintiff have failed to provide a task-based itemized statement of fees and expenses specific to these Defendants, the Court will deny the request for attorneys' fees.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 44) is **granted in part** and **denied in part** as set forth above.  The motion is granted with respect to Plaintiff's request for actual damages, pre-judgment interest, and post judgment interest and denied with respect to Plaintiff's requests for treble damages, punitive damages, and attorneys' fees.

2. Pursuant to FRCiv. P. 54(b), the Court finds that there is no just reason for delay and directs that default judgment be entered by the Clerk in favor of Plaintiff Liberty West Regional Center, LLC and against Defendants Salvatore Carpanzano, Marisa Belcastro Carpanzano, and Samba Financial Group Escrow & Consulting Services U.S.A., LLC in the amount of **$2,700,000** plus pre-judgment interest calculated pursuant to A.R.S. § 44-

1201(B) and beginning on December 10, 2012, and post judgment interest calculated pursuant to 28 U.S.C. § 1961.

3. The Clerk is directed to enter judgment in accordance with this order.

Dated this 3rd day of March, 2014.

_____
David G. Campbell
United States District Judge